**ORIGINAL**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Clarissa Coker

## DEFENDANTS
Risk Management Alternatives, Inc. and Glen Gephardt

(b) County of Residence of First Listed Plaintiff **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek
714 W. Magnolia
Fort Worth, TX 76104
(817) 348-8325

Attorneys (If Known)
**3:04CV-1550.H**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | | | ☒ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

FDCPA (15 USC §1692 et seq)
TDCA (Tex. Fin. Code §392)   unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**ORIGINAL**

Jerry J. Jarzombek
714 W. Magnolia
Fort Worth, Texas 76104
Voice: 817-348-8325
Fax: 817-348-8328

NORTHERN DISTRICT OF TEXAS
FILED
JUL 16 ●
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARISSA COKER, | § § § | Civil Action No. |
| Plaintiff, | § § | |
| vs. | § § § | **COMPLAINT** and **DEMAND FOR JURY TRIAL** |
| NCO FINANCIAL SYSTEMS, INC., and GLENN GEBHARDT, | § § § § | |
| Defendants. | § § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.  Plaintiff, Clarissa Coker, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ("TDCA") to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA and the TDCA.

2.  Defendants, NCO Financial Systems, Inc. ("NCO") and Mr. Gebhardt ("Gebhardt") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff arising from a purported

obligation to American Express (AmEx). The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

### Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

### Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. NCO is a corporation engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of NCO's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. NCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). NCO is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

7. Gebhardt is an individual engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Gebhardt's business is the collection of consumer debts using the mails and telephone, and Gebhardt regularly attempts to collect consumer debts for others. Gebhardt is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code

§ 392.001(6). Gebhardt is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7). Gebhardt is employed by NCO as a Collector.

### Factual Allegations

8. In April 2004, Plaintiff had a telephone conversation with Gebhardt at NCO. During the communication, Gebhardt made several representations, including the following:

   a. that, as a result of the Debt, AmEx could put a lien on Plaintiff's home;

   b. that "once this goes to litigation" NCO "will put a civil judgment on your credit report;

   c. that he was not trying to scare Plaintiff, but was being honest with her;

   d. AmEx would make Plaintiff pay for their "attorney and court fees' and that Plaintiff's debt was $6,500, but she would "be looking at well over $10,000 when this whole thing is said and done;"

   e. Accepting Gebhardt's settlement offer of $4,200 would "repair your credit" and change the R-9 rating on this account to an R-2;

   f. that if AmEx were to place a lien on Plaintiff's car, she could not sell it until the lien was paid off.

9. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

10. The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

11. The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

## First Claim for Relief

12. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the following:

    a. In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

        i. Falsely representing that a lien could be filed on Plaintiff's home, which is exempt property in Texas.

        ii. Falsely representing that a lien could be place on Plaintiff's car, which is exempt property in Texas.

        iii. Falsely representing that NCO could put a "civil judgment" on Plaintiff's credit report.

        iv. Falsely representing that Gebhardt was being honest.

        v. Falsely representing that Plaintiff's debt would be increased by more than $3,500, when Gebhardt is neither licensed to practice law nor qualified to give opinions on attorney's fees and court costs.

        vi. Falsely representing that a settlement with NCO would repair Plaintiff's credit.

        vii. Discussing credit repair, when neither NCO nor Gebhardt is a Credit Repair Orgainzation.

    b. In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

    c. In violation of 15 U.S.C. 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action which cannot legally be taken or that is not intended to be taken.

    d.    In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt which means included:

        i.    Falsely representing that a lien could be filed on Plaintiff's home, which is exempt property in Texas.

        ii.    Falsely representing that a lien could be place on Plaintiff's car, which is exempt property in Texas.

        iii.    Falsely representing that NCO could put a "civil judgment" on Plaintiff's credit report.

        iv.    Falsely representing that Gebhardt was being honest.

        v.    Falsely representing that Plaintiff's debt would be increased by more than $3,500, when Gebhardt is neither licensed to practice law nor qualified to give opinions on attorney's fees and court costs.

        vi.    Falsely representing that a settlement with NCO would repair Plaintiff's credit.

        vii.    Discussing credit repair, when neither NCO nor Gebhardt is a Credit Repair Orgainzation.

### Second Claim for Relief

13.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants violations of the TDCA include, but are not limited to the following:

    a.    In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law.

    b.    In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of a consumer debt.

    c.    In violation of Tex. Fin. Code § 392.304(a)(14), the Defendants misrepresented the status or nature of the services rendered by the debt collector or the debt collector's business.

d. In violation of Tex. Fin. Code § 392.304(a)(19), the Defendants used false representations or deceptive means to collect a debt or obtain information concerning a consumer.

14. Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendants' actions violate the FDCPA and the TDCA.

2. Enjoin the Defendants' actions which violate the TDCA.

3. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4. Grant such further relief as deemed just.

Dated: July _13_, 2004.

Respectfully submitted,

_____
Jerry J. Jarzombek
Texas Bar No. 10589050
714 W. Magnolia Avenue
Fort Worth, Texas 76104
Voice: 817-348-3825
Fax: 817-348-8328

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: July _13_, 2004.

                                          Respectfully submitted,

                                          Jerry J. Jarzombek
                                          Texas Bar No. 10589050
                                          714 W. Magnolia
                                          Fort Worth, Texas 76104
                                          Voice: 817-348-8325
                                          Fax: 817-348-8328

                                          ATTORNEY FOR PLAINTIFF